# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS NIEDZIELSKI, :

    Petitioner : CIVIL ACTION NO. 3:18-1920

v :

         (JUDGE MANNION)

UNITED STATES OF AMERICA, :

    Respondent :

## **MEMORANDUM**

Petitioner, Thomas Niedzielski, an inmate confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He challenges the Bureau of Prison's (BOP) calculation of his sentence. (Doc. 1, petition). Specifically, he claims that the BOP is "not giving the Petitioner credit against his federal sentence for the full term served in state custody." Id. For relief, he seeks credit for nine months and eleven days of pre-sentence jail credit towards his federal sentence, from October 22, 2011 through August 2, 2012. Id. The petition is ripe for disposition, and for the reasons outlined below, the petition will be **DISMISSED** for Niedzielski's failure to exhaust administrative remedies.

**I.     Background**

On August 3, 2012, Niedzielski was sentenced to 100 months of imprisonment for Attempted Manufacture of Methamphetamine. (Doc. 8-1 at 4, Public Information Inmate Data).

In his habeas petition, Niedzielski challenges "the execution of the sentence based on the BOP's alleged error in not giving the petitioner credit against his federal sentence for the full term served in State Custody." (Doc. 1, petition).

A February 5, 2019 search of the BOP SENTRY computer generated Administrative Remedy Retrieval system revealed that since Niedzielski's designation to BOP custody, he has filed two (2) administrative remedies concerning credit against his federal sentence. (Doc. 8-1 at 8-10, Administrative Remedy Generalized Retrieval). However, neither was appealed to final review with the Central Office.

On August 25, 2016, Petitioner filed Administrative Remedy No. 874016-F1, challenging his sentencing credit. Id. It was rejected the same day for failing to provide a case number. Id. No further action was taken on this administrative remedy.

On April 9, 2018, Petitioner filed Administrative Remedy No. 936384-F1,

claiming his jail time credit is incorrect. Id. It was denied on April 17, 2018. Id. On May 8, 2018, Petitioner filed an appeal to the Regional Office at 936384-R1. Id. On May 9, 2018, Petitioner's appeal was rejected as pages three and four of the BP10 were no legible. Id. On May 24, 2018, Petitioner resubmitted 936384-R2, and it was again rejected on May 25, 2018 for not having enough copies attached. Id. On June 11, 2018, Petitioner resubmitted 936384-R3. Id. On June 12, 2018, Administrative Remedy No. 936384-R3 was denied. Id. No appeal was filed with the Central Office.

## II. Discussion

### A. Exhaustion of Administrative Remedies

District Courts have jurisdiction under §2241 to consider petitions brought by inmates, like Clark, who allege that the BOP miscalculated their sentences. Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Section 2241, and not §2255, confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging the execution rather than the validity of his sentence. Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). See also Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990).

Although there is no statutory exhaustion requirement attached to

habeas petitions brought pursuant to 28 U.S.C. §2241, a federal prisoner must exhaust his administrative remedies **prior** to filing a §2241 petition. See Small v. Camden County, 728 F.3d 265, 269 (3d Cir. 2013); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (emphasis added). This mandate "has developed through decisional law in applying principles of comity and federalism" to claims brought under §2241. Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986). Giving an agency the opportunity to correct its errors is a central purpose of the exhaustion requirement. See Woodford v. Ngo, 548 U.S. 81, 89, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The Supreme Court has explained that:

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).

Id. (citations and internal quotation marks removed). In order for a prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. §542.10 et seq., otherwise, the habeas petition should be dismissed. Arias v. U.S. Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981) (requiring federal prisoner

to exhaust administrative remedies before bringing claim under §2241). Exhaustion is not required, however, if there is no opportunity to obtain adequate redress; if the issue presented only pertains to statutory construction; or if the prisoner makes an affirmative showing of futility. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); Schandelmeier, 819 F.2d at 53; Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. §542.10(a). An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form. See 28 C.F.R. §542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. §542.14. An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. §542.15(a). Appeal to the General Counsel is the final administrative appeal. Id. The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar

days. See 28 C.F.R. §542.18. Finally, the regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level. Id.

As is apparent from the February 5, 2019 search of the administrative index database, Niedzielski has failed to exhaust his administrative remedies pertaining to his sentence calculation challenge. Specifically, while in BOP custody, Niedzielski has filed two administrative remedies concerning custody credit; however, none was appealed to final review. (See Doc. 8-1 at 8-10, Administrative Remedy Generalized Retrieval). As such, the record demonstrates that Petitioner has failed to exhaust the administrative remedy process prior to bringing the instant action. Accordingly, the petition will be dismissed.

## III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: January 8, 2020**
18-1920-01